UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| CHRISTINA CHEEK,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE[1],<br>**Commissioner of the Social<br>Security Administration,**<br><br>    Defendant. | Case No. EDCV06-00159 AJW<br><br>MEMORANDUM OF DECISION |

  Plaintiff filed this action seeking reversal of the decision of defendant, the Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for supplement security income ("SSI") benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

  Plaintiff protectively filed an application for SSI benefits on June 30, 2002, alleging that she was disabled to due implantation of a defibrillator, shortness of breath, and difficulty lifting, walking, and standing. [Administrative Record ("AR") 76, 85]. An administrative hearing was conducted by Administrative Law Judge Barry S. Brown (the "ALJ") on October 27, 2005. Plaintiff's request for hearing

---

[1] Michael J. Astrue is substituted for his predecessor, Jo Anne B. Barnhart. Fed. R. Civ. P. 25(d)(1).

indicates that she was represented by counsel and wished to appear at the hearing. Plaintiff did not object to the time or place of hearing, nor did she request a continuance. [AR 11]. Plaintiff, however, did not attend the hearing. Her attorney appeared on her behalf and requested that a decision be made on the record. [JS 1-2, AR 11].

In a written decision dated November 14, 2005, the ALJ determined that plaintiff was a non-essential witness. [AR 11]. He found that plaintiff had severe heart problems, back pain, headaches, dizziness, memory problems, and depression, but that she retained the residual functional capacity ("RFC") to perform a full range of light work. [AR 17]. The ALJ concluded that plaintiff was not disabled because she is capable of performing work that exists in significant numbers in the national economy. [AR 19]. The Appeals Council denied plaintiff's request for review. [AR 4-6].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or if it is based on the application of incorrect legal standards. Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is more than a mere scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954. Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954. The court is required to review the record as a whole, and to consider evidence detracting from the decision as well as evidence supporting the decision. Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Statement of Disputed Issues**

Plaintiff contends that the ALJ erred in failing to (1) make proper credibility findings [JS 3-7], (2) properly consider the side effects of plaintiff's medications [JS 16-17], (3) consider a third-party lay witness questionnaire [JS 7-10], and (4) adequately consider the combined effect of plaintiff's obesity and her other impairments. [JS 10-16].

**Discussion**

**The ALJ's evaluation of plaintiff's subjective complaints**

Plaintiff contends that the ALJ did not adequately evaluate the credibility of her written disability reports describing her subjective symptoms and functional limitations, including the side effects of her medications. She also argues that the ALJ had a "heightened duty" to consider the information reported in her written disability reports because she did not attend the hearing.

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004); Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); see also 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony he considers not credible, he must provide specific, convincing reasons for doing so. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); see also Moisa, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of claimant without providing "clear and convincing reasons"). The ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." Moisa, 367 F.3d at 885. If the ALJ's interpretation of the claimant's testimony is reasonable and is supported by substantial evidence, it is not the court's role to "second-guess" it. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the claimant to relieve pain or other symptoms; and (7) other factors concerning the claimant's functional restrictions due to such symptoms. See 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); see also Social Security Ruling ("SSR") 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary

1  techniques of credibility evaluation," considering such factors as (8) the claimant's reputation for
2  truthfulness; (9) inconsistencies within the claimant's testimony, or between the claimant's testimony and
3  the claimant's conduct; (10) a lack of candor by the claimant regarding matters other than the claimant's
4  subjective symptoms; (11) the claimant's work record; and (12) information from physicians, relatives, or
5  friends concerning the nature, severity, and effect of the claimant's symptoms.  See Light v. Social Sec.
6  Admin., 119 F.3d 789, 792 (9th Cir. 1997); Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

7        Plaintiff has cited no authority for the proposition that the ALJ had a "heightened duty" to consider
8  her written disability reports because she did not attend the hearing.  As far as can be discerned from the
9  record, plaintiff's decisions not to attend the hearing and to request a decision on the written record were
10 entirely voluntary.  The ALJ's duty with respect to evaluating plaintiff's subjective complaints was no
11 different than it would have been if plaintiff had been present and testified about her symptoms and their
12 functional effects, except for the fact that her subjective complaints were expressed in documentary, rather
13 than testimonial, form.

14       Plaintiff's argument  that the ALJ failed adequately to discuss plaintiff's specific subjective
15 complaints fares better. In the portion of his decision devoted to his credibility analysis, the ALJ did not
16 describe the particular subjective symptoms plaintiff described in her disability reports or her reported side
17 effects from her medications.  In rather generic fashion, he wrote that plaintiff "asserted a chronic and
18 debilitating pain syndrome of extended duration," and then he explained why he did not believe she suffered
19 from chronic, debilitating pain, such as her failure to use a TENS unit or other treatment for intense pain
20 and lack of "common indicators of chronic pain." [AR 15]. Plaintiff's subjective complaints, however,
21 centered on her cardiac symptoms rather than musculoskeletal pain of the variety the ALJ's analysis
22 depicted. Plaintiff complained of shortness of breath, frequent chest pain and heaviness in her chest, "bad
23 dizzy spells," tiredness, swelling in her legs, headaches, back pain, and a heart rate so rapid that her
24 defibrillator (implanted due to her heart arrhythmias) would activate and "shock" her. [AR 50, 58, 63-64,
25 67]. Asked to describe any side effects from her medications, plaintiff stated that Betapace and Meclizine
26 both made her drowsy, and that Maxzide caused her to "go to the bathroom all the time." [AR 81]. Plaintiff
27 wrote that her subjective symptoms, combined with her being "over weight," prevented her from standing
28 or walking for more than a few minutes at a time and from lifting any significant weight.  The subjective

4

symptoms and functional limitations plaintiff described were echoed in the third-party lay witness questionnaire by plaintiff's friend Gabriella Slaten. [AR 69-74].

An ALJ is not required to credit a claimant's subjective symptoms, be they written or oral, but his reasons for rejecting those complaints must be not only specific but also *convincing*. To meet that standard, the ALJ's reasons must not only be based on substantial record evidence, they also must bear a logical, persuasive relationship to the subjective symptoms he is discounting. The reasons the ALJ gave in this case were specific and superficially plausible—for instance, the absence of treatment for intense pain logically undermines the credibility of subjective complaints of intense pain. The problem is that the ALJ's failure to describe or focus on plaintiff's particular subjective complaints resulted in a generic credibility rationale that did not adequately account for the nature or extent of the particular subjective limitations plaintiff described. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998)(stating that the ALJ's credibility finding "must be supported by specific, cogent reasons," and that "[g]eneral findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints").

For example, the ALJ cited the findings of the Commissioner's consultative internist, Dr. Lee, in support of his negative credibility evaluation. The ALJ noted that Dr. Lee did not find signs of stroke or congestive heart failure, noted normal blood pressure, and discerned no evidence of muscle spasm, tenderness, or range of motion limitations in the back. [AR 15]. Those aspects of Dr. Lee's report might have more bearing on plaintiff's credibility if she alleged disability due to the symptoms of a stroke, congestive heart failure, high blood pressure, or a back disorder, but she did not. As the ALJ elsewhere acknowledged, plaintiff's medical reports show that she has a "long history of complicated arrhythmias" leading to implantation of a defibrillator, and that condition (not congestive heart failure or stroke) is the source of the "heart problems" the ALJ found to be severe. With respect to plaintiff's cardiac condition, Dr. Lee wrote:

> A 39-year old female with morbid obesity with increasing weight is status-post AICD [automatic implantable cardioverter defibrillator] for ventricular arrhythmia and apparently the arrhythmia is still pretty frequent in spite of being on medication. She has significant palpitations with minimal physical exertion.

5

[AR 15]. The ALJ noted these positive findings in his summary of Dr. Lee's report [AR 14] but he excluded them in his credibility analysis while including in that analysis Dr. Lee's negative findings.[2] The ALJ's selective reliance on the record to discredit plaintiff's subjective complaints is impermissible. See Verduzco, 188 F.3d at 1089.

In the same vein, the ALJ did not adequately explain how plaintiff's daily activities, which consist of doing housekeeping chores slowly, stopping if she tired due to her heart symptoms [AR 50, 58, 63, 67], and spending the day "reading, watching television, listening to the radio, and talking with family and friends" [AR 14], were inconsistent with the nature and extent of the subjective symptoms she alleged. Accordingly, the ALJ erred in evaluating the credibility of plaintiff's subjective complaints.

**Effects of plaintiff's obesity**

The ALJ's error in assessing plaintiff's credibility was compounded in this case because plaintiff alleged that her "over weight" was a disabling factor and contributed to the severity of her subjective limitations.[See AR 50, 58]. The ALJ noted that plaintiff received diagnoses of "exogenous obesity" and "morbid obesity"[AR 13-14], but he did not separately discuss or make findings regarding the possible effects of her obesity in combination with her other impairments. This is contrary to Ninth Circuit law, which holds that the ALJ has a duty to make findings regarding the effect of a claimant's obesity "upon her other impairments, and its effect on her ability to work and general health," even where the claimant's obesity is not independently "severe" and is not explicitly alleged to be a "disabling factor" (as it was in this case). Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003)(reversing and remanding the Commissioner's decision that the claimant could perform light work for a "multiple impairment analysis that explicitly accounts for the direct and marginal effects of the plaintiff's obesity during the period in question and that culminates in reviewable, on-the-record findings"). The Commissioner's regulations and policy guidelines also require adjudicators to "consider any additional and cumulative effects of obesity" because obesity is

---

[2] The ALJ also said that Dr. Lee concluded that plaintiff can perform light work [AR 14], but that is somewhat misleading. Dr. Lee found that plaintiff can stand and walk for two to four hours a day and sit for six hours a day. To be able to perform the full range of light work, as the ALJ found of plaintiff, requires the ability to stand and walk for about six hours in an eight-hour work day. See 20 C.F.R. §§ 404.1567(b), 416.967(b); Social Security Ruling ("SSR") 85-15, 1985 WL 56857, at *6-*7; SSR 83-10, 1983 WL 31251, at *5-*6; SSR 83-14, 1983 WL 31254, at *4-*5.

"a medically determinable impairment often associated with" the musculoskeletal, respiratory or cardiovascular impairments that "can be a major cause of disability in individuals with obesity," and the combined effects of obesity with other impairments may be greater than expected without obesity. 20 C.F.R. Part 404, Subpart P, Appendix 1, ¶¶ 1.00Q, 3.00I & 4.00F; see SSR 02-1p, 2000 WL 628049, at *3, *5 (stating that obesity is "a risk factor that increases an individual's chances of developing impairments in most body systems" and "may increase the severity of coexisting or related impairments").

The ALJ commented that plaintiff had been advised by her doctors to lose weight and apparently had not done so. [AR 13]. Contrary to defendant's suggestion, plaintiff's failure to lose weight, without more, did not discharge the ALJ's obligation to consider her obesity or preclude her from relying on her obesity to establish disability. See Dodrill v. Shalala, 12 F.3d 915, 919 (1993)(holding that the ALJ must "examine the medical conditions and personal factors that bear on whether Dodrill can reasonably remedy her obesity" and make a factual finding that the claimant's obesity was "reasonably remediable; if it was not, [the ALJ] must consider her obesity as a factor contributing to her disability and weigh the combination of her impairments accordingly"); see also Hammock v. Bowen, 879 F.2d 498, 503-504 (9th Cir. 1989)(agreeing with the Fifth Circuit's observation "that while a claimant's impairments can be improved by simply following a doctor's orders to lose weight, losing weight is a task which is not equivalent to taking pills or following a prescription")(citing Scott v. Heckler, 770 F.2d 482, 486 (5th Cir. 1985)).

**Lay witness questionnaire**

Plaintiff contends that the ALJ also erred in failing to discuss the third-party lay witness questionnaire from plaintiff's friend. While an ALJ must take into account lay witness testimony concerning a claimant's symptoms, the ALJ may discount that testimony by providing "reasons that are germane to each witness." Dodrill, 12 F.3d at 919. Defendant argues that this omission was harmless error at most because the lay witness's statements were cumulative of plaintiff's written reports. Since, however, the ALJ did not properly evaluate plaintiff's reports, his failure to discuss the lay witness's questionnaire cannot be deemed harmless error. See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1053-1056 (9th Cir. 2006)(discussing and applying the harmless error rule in the context of the ALJ's disregard of lay witness testimony).

///

**Remedy**

The choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the court. See Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.) (holding that the district court's decision whether to remand for further proceedings or payment of benefits is discretionary and is subject to review for abuse of discretion), cert. denied, 531 U.S. 1038 (2000). The Ninth Circuit has observed that "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Moisa, 367 F.3d at 886 (quoting INS v. Ventura, 537 U.S. 12, 16 (2002) (per curiam)). A district court, however,

> should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citing Harman, 211 F.3d at 1178). The Harman test "does not obscure the more general rule that the decision whether to remand for further proceedings turns upon the likely utility of such proceedings." Harman, 211 F.3d at 1179; see Benecke, 379 F.3d at 593 (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

The ALJ did not provide legally sufficient reasons for rejecting plaintiff's subjective complaints or the lay witness questionnaire, and he did not adequately analyze the effects of plaintiff's obesity. Those issues must be resolved before a disability determination can be made, and it is not clear from the record that the proper resolution of those issues must result in an award of benefits to plaintiff. Accordingly, a remand for further administrative proceedings and a new decision is the appropriate remedy.

///

///

///

## Conclusion

For the reasons stated above, the Commissioner's decision is not supported by substantial evidence and does not reflect application of the proper legal standards. Accordingly, the Commissioner's decision is **reversed**, and this case is **remanded** to the Commissioner for further administrative proceedings consistent with this memorandum of decision.

**IT IS SO ORDERED.**

DATED: May 21, 2007

/ s /

_____
ANDREW J. WISTRICH
United States Magistrate Judge